IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Titus Williams | ) | |
| --- | --- | --- |
| Petitioner, | ) | Case No. 2:09-1685-RMG-RSC |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden McCall, Perry Correctional Institution, | ) | |
| Respondent. | ) | |
| | ) | |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 25). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed objections to the R&R. (Dkt. No. 28). As explained herein, this Court agrees with the Report and Recommendation and grants Respondent's motion for summary judgment. Petitioner has failed to specifically object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate in opposition to the motion for summary judgment.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation

to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner filed his "objections" on March 2, 2010. (Dkt. No. 28).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Petitioner's "objections" merely restate word for word or rehash the same arguments presented in his return to Respondent's motion for summary judgment. (*See* Dkt. No. 24 *compare with* Dkt. No. 28). Moreover, the Record reflects that Petitioner's ineffective assistance of counsel claims were adjudicated by the state court on the merits and his contentions fail to overcome the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 120 S.Ct. 1495 (2000). Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996).

Based on the above authority, the Court finds no error of law made in the Magistrate's Report and Recommendation. Thus, this Court finds that the issues Petitioner has raised were correctly addressed by the magistrate. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment is **GRANTED**. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate where the petitioner merely rehashed the same arguments presented to the magistrate).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

October 28, 2010
Charleston, South Carolina